# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **HEALTH DIAGNOSTIC LABORATORY, INC.**, *et al.*, | |
| Debtors.[1] | **Case No.: 15-32919-KRH** |
| **RICHARD ARROWSMITH AS LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST,** | **Jointly Administered** |
| **Plaintiff,** | |
| v. | |
| **WITH CARE PHLEBOTOMY, LLC** | **Adversary Proceeding No. 16-_____** |
| **Defendant.** | |
| SERVE:<br>CORPORATION SERVICE COMPANY<br>REG. AGENT<br>2710 GATEWAY OAKS DRIVE, #150<br>SACRAMENTO, CA  95833<br><br>and<br><br>KYLE LAUDI, MEMBER<br>9255 WOODROW WAY<br>ELK GROVE, CA  95758 | |

## COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS

Richard Arrowsmith, in his capacity as Liquidating Trustee of the HDL Liquidating Trust

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434).

Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Suite 1040, Richmond, VA 23219
200 Bendix Road, Ste. 300 Virginia Beach, VA 23452
Telephone:        (757) 497-6633
Direct:                (757) 470-5566
Email:    cspeckhart@wolriv.com

*Counsel to Richard Arrowsmith, Liquidating Trustee of
the HDL Liquidating Trust*

(the "**Plaintiff**" or the "**Liquidating Trustee**"), appointed pursuant to the confirmed Modified Second Amended Plan of Liquidation (the "**Plan**") of Health Diagnostic Laboratory, Inc., *et al*. (the "**Debtors**"), by and through his undersigned counsel, for his <u>Complaint to Avoid and Recover Avoidable Transfers</u> (the "**Complaint**") against With Care Phlebotomy, LLC ("**With Care Phlebotomy**" or the "**Defendant**") respectfully states and alleges as follows:

## JURISDICTION AND VENUE

1.      On June 7, 2015 (the "**Petition Date**"), each of the Debtors filed with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**"), its respective voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), commencing the above-captioned Chapter 11 Cases (the "**Chapter 11 Cases**").  On June 9, 2015, the Bankruptcy Court entered an order authorizing the joint administration of these Chapter 11 Cases [Docket No. 42]. On June 16, 2015, the United States Trustee for the Eastern District of Virginia appointed the statutory committee of unsecured creditors (the "**Unsecured Creditors Committee**").

2.      On May 12, 2016, this Court entered an order confirming the Plan [Docket No. 1095] (the "**Confirmation Order**"). Pursuant to the Plan and 11 U.S.C. § 1123, the Liquidating Trustee is the successor, for all purposes, of the Debtors and the Creditors' Committee, and is thereby vested with standing to bring this action as a representative of the HDL Liquidating Trust.

3.      This Bankruptcy Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      This Adversary Proceeding constitutes a core proceeding by virtue of 28 U.S.C. § 157(b)(2)(A), (E), and (O).

5. The predicates for the relief requested herein are sections 105(a), 502, 542(b), 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

6. The Liquidating Trustee consents to entry of final orders and judgment by the Bankruptcy Court in this Adversary Proceeding.

7. Venue is proper in this Bankruptcy Court as to the Debtors and the Liquidating Trustee under 28 U.S.C. §§ 1408 and 1409.

8. Venue is proper in this Bankruptcy Court as to the Defendant because a substantial part of the events or omissions giving rise to the claims asserted herein against the Defendant occurred in this judicial district.

## PARTIES

9. Health Diagnostic Laboratory, Inc. ("**HDL**") is a privately held company and was incorporated in the Commonwealth of Virginia.

10. Upon information and belief, With Care Phlebotomy, LLC is a California limited liability company.

## PROCEDURAL AND FACTUAL BACKGROUND

11. During the ninety (90) days before the Petition Date (the "**Preference Period**"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities, including With Care Phlebotomy (each transfer, an "**Avoidable Transfer**") and, collectively, the "**Avoidable Transfers**") as more fully identified on **Exhibit 1** attached hereto.

12. The Liquidating Trustee seeks to avoid all of the transfers of an interest in the Debtors' property made by the Debtors to the Defendant during the Preference Period.

# COUNT I
**Avoidance of Preferential Transfers Pursuant to Section 547(b) of the Bankruptcy Code**

13. The Liquidating Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 12 above as if fully set forth herein.

14. During the Preference Period, the Debtors made transfers to, or for the benefit of, the Defendant in the amounts set forth on **Exhibit 1**, which is incorporated by reference herein.

15. During the Preference Period, the Defendant was a creditor of the Debtors within the meaning of section 547(b)(1) of the Bankruptcy Code at the time of each Avoidable Transfer by virtue of supplying goods and/or services for which the Debtors were obligated to pay.

16. The Avoidable Transfers were transfers of an interest in the Debtors' property.

17. According to the Debtors' books and records, the Avoidable Transfers were made to, or for the benefit of, the Defendant because each Avoidable Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to the Defendant.

18. The Avoidable Transfers were made for or on account of antecedent debts owed by the Debtors.

19. The Avoidable Transfers were made while the Debtors were insolvent. The Debtors are entitled to the presumption of insolvency for each Avoidable Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code. Further, as evidenced by, among other things: (i) the Debtors' bankruptcy petitions (publicly filed with the Bankruptcy Court); (ii) the proofs of claim that have been filed against the Debtors' estates; and (iii) the Debtors' publicly-filed schedules, the Debtors' liabilities exceeded the value of the Debtors' assets during the Preference Period.

20. The Liquidating Trustee estimates that general unsecured creditors will receive less than full value on account of their allowed claims against the Debtors' estates.

21. The Avoidable Transfers were made on or within ninety (90) days prior to the Petition Date.

22. The Avoidable Transfers enabled the Defendant to receive more than it would receive if (a) the Debtors' cases were under Chapter 7 of the Bankruptcy Code, (b) the Avoidable Transfers had not been made, and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

23. The Defendant was either the initial transferee of each of the Avoidable Transfers, the entity for whose benefit the Avoidable Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Avoidable Transfers.

24. By reason of the foregoing, each Avoidable Transfer should be avoided and set aside as a preferential transfer pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II
## Avoidance of Fraudulent Transfers Pursuant to Section 548 of the Bankruptcy Code

25. The Liquidating Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 above as if fully set forth herein.

26. The Avoidable Transfers were made within two (2) years prior to the Petition Date.

27. The Avoidable Transfers were made to, or for the benefit of, the Defendant.

28. Subject to proof, the Liquidating Trustee pleads, in the alternative, that the Debtors did not receive reasonably equivalent value in exchange for the Avoidable Transfers, either (a) because the value of the services and/or goods received was in fact less than the Avoidable Transfers or (b) because the Debtors that made the Avoidable Transfers were not the Debtors that received such goods and/or services and such Debtors were: (i) insolvent on the dates of the Avoidable Transfers or became insolvent as a result of the Avoidable Transfers;

and/or (ii) engaged in business or a transaction for which any property remaining with such Debtors was unreasonably small capital at the time of, or as a result of, the Avoidable Transfers; and/or (iii) intended to incur, or believed that it would incur, debts that would be beyond their ability to pay as such debts matured (the "**Potentially Fraudulent Transfers**").

29.     By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as fraudulent transfers.

## COUNT III
### Recovery of Avoidable Transfers Pursuant to Section 550 of the Bankruptcy Code

30.     The Liquidating Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 above as if fully set forth herein.

31.     The Liquidating Trustee is entitled to avoid the Avoidable Transfers pursuant to section 547(b) of the Bankruptcy Code, or, alternatively, the Potentially Fraudulent Transfers (together, the "**Transfers**") pursuant to section 548 of the Bankruptcy Code.

32.     The Defendant was the initial transferee of each of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

33.     Pursuant to section 550(a) of the Bankruptcy Code, the Liquidating Trustee is entitled to recover from the Defendant an amount to be determined at trial that is not less than the total amount of the Transfers made to the Defendant, plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
### Disallowance of Claims Pursuant to Section 502(d) of the Bankruptcy Code

34. The Liquidating Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 33 above as if fully set forth herein.

35. The Defendant is an entity from which property is recoverable under section 550 of the Bankruptcy Code.

36. The Defendant was the initial transferee of each of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

37. The Defendant has not paid to the Liquidating Trustee the amount of the Transfers, or turned over such property to the Liquidating Trustee, for which the Defendant is liable under section 550 of the Bankruptcy Code.

38. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of the Defendant and/or its assignee, against the Debtors' estates, or the Debtors, must be disallowed until such time as the Defendant pay to the Liquidating Trustee all amounts sought herein.

**WHEREFORE**, the Liquidating Trustee respectfully requests that the Bankruptcy Court enter an Order and Judgment:

(a) avoiding all Avoidable Transfers pursuant to section 547(b) of the Bankruptcy Code, or, in the alternative, pursuant to section 548 of the Bankruptcy Code;

(b) pursuant to section 550(a) of the Bankruptcy Code, directing the Defendant to pay to the Liquidating Trustee an amount to be determined at trial that is not less than the full amount of the Transfers;

(c) disallowing any Claim of the Defendant pursuant to section 502(d) of the Bankruptcy Code;

(d) awarding pre-judgment interest at the maximum legal rate running from the date of the Debtors' and/or the Liquidating Trustee's first demand to return all Avoidable Transfers to the date of judgment with respect to this Complaint herein;

(e) awarding the Liquidating Trustee his costs and expenses incurred in connection with this Adversary Proceeding, including reasonable attorneys' fees; and

(f) entering judgment in favor of the Liquidating Trustee and against the Defendant in an amount not less than $43,600.00 with interest accruing from the date of this Complaint at the judgment rate of interest (together with the monetary award provided in subparagraphs (b), (d), and (i), the "**Judgment**");

(g) awarding post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the Judgment is paid in full, plus costs;

(h) requiring the Defendant to pay forthwith the amount of the Judgment; and

(i) granting the Liquidating Trustee such other and further relief as the Bankruptcy Court deems just and proper.

Dated: July 25, 2016                                                            Respectfully submitted,

*/s/ Cullen D. Speckhart*
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Suite 1040 Richmond, VA 23219
200 Bendix Road, Ste. 300 Virginia Beach, VA 23452
Telephone:    (757) 497-6633
Direct:             (757) 470-5566
Email: cspeckhart@wolriv.com

*Counsel to Richard Arrowsmith, Liquidating Trustee of*
*the HDL Liquidating Trust*

**EXHIBIT 1**